# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| ROSS WILLIAM ROGGIO | | | |
|---|---|---|---|
| | Debtor 1 | Chapter: | 7 |
| | | Case No.: | 5-17-bk-02119 RNO |
| ROSS WILLIAM ROGGIO<br>SOON JA ROGGIO | | Adversary No.: | 5-19-ap-00099 RNO |
| | Plaintiff(s) | Document No.: | 6 |
| vs. | | | |
| KRISTY LYNN ROGGIO<br>aka KRISTY MERRING | | Nature of<br>Proceeding: | Motion to Dismiss |
| | Defendant(s) | | |

## OPINION[1]

The Chapter 7 Debtor and his mother filed a five-count Complaint against his estranged wife. A Motion to Dismiss Pursuant to Rules 12 and 20, F.R.C.P. was filed by the Defendant. Count I of the Complaint will be dismissed, with leave to amend. The Court will permissively abstain from hearing Counts II through V. The Co-Plaintiff will be dropped as a party.

## I.     Procedural History

Ross William Roggio ("Ross") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 22, 2017. Ross' filing was converted to a case under Chapter 7 of the Bankruptcy Code on December 10, 2018. The conversion was ordered after Ross elected to convert from Chapter 13 to Chapter 7. 5-17-bk-02119-RNO, ECF No. 184.

The subject Adversary Proceeding was commenced by the filing of a five-count Complaint on September 18, 2019. 5-19-ap-00099-RNO, ECF No. 1. The Plaintiffs are the

---

[1]     Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

Debtor, Ross, and his mother, Soon Ja Roggio ("Soon Ja"). The sole Defendant is Kristy Lynn Roggio a/k/a Kristy Merring ("Kristy"). Ross and Kristy are estranged spouses.

Kristy replied to the Complaint by filing a Motion to Dismiss ("Motion"). The Motion asserts that Soon Ja is not a proper party plaintiff. The Motion also seeks to dismiss the Adversary Proceeding for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The Motion has been briefed by the parties and oral argument was heard on January 16, 2020.

The underlying Chapter 7 case was reassigned to me on February 13, 2019, due to the untimely passing of my colleague, the Honorable John J. Thomas. It is noted that this is the sixth adversary proceeding filed in this Chapter 7 case. The five prior adversary proceedings have all been closed. Further, on February 7, 2020, the Chapter 7 Trustee, John J. Martin, filed a Chapter 7 Trustee's Final Report. 5-17-bk-02119-RNO, ECF No. 315.

## II. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Count I is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Counts II through V are non-core proceedings.

## III. Discussion

The Counts of the Complaint will be discussed *in seriatim*.

### A. Count I – Violation of Automatic Stay

Count I of the Complaint alleges that on December 12, 2012, Ross and Kristy were married. 5-19-ap-00099-RNO, ECF No. 1, ¶ 6. It is further alleged that Ross and Kristy entered into a separation agreement on November 28, 2016. A copy of a separation agreement of that date is attached as Exhibit 1 to the Complaint.

The Complaint further alleges that Ross and Kristy are parties to "domestic litigation" in the Court of Common Pleas of Monroe County, Pennsylvania. It is alleged that the state court

2

Case 5:19-ap-00099-RNO    Doc 16    Filed 02/28/20    Entered 02/28/20 13:02:54    Desc
Main Document    Page 2 of 15

litigation was commenced prior to the Chapter 13 petition and that the state court matters are docketed to 9149-CV-2016 and 1272-DR-2016 ("State Court Proceedings").

The Complaint makes reference to an order entered in the State Court Proceedings. The order is dated March 1, 2017, and a copy is attached as Exhibit 2 to the Complaint. Count I of the Complaint alleges, in summary fashion, that Kristy has failed to turn over to Ross certain non-marital property. The Complaint alleges that Kristy, "has 'exercise[d] control over property of the estate' in violation of the automatic stay." 5-19-ap-00099-RNO, ECF No. 1, ¶ 41 (citation omitted).

The Motion questions the Court's jurisdiction to hear the Adversary Proceeding. Bankruptcy jurisdiction extends to four types of proceedings: (1) cases under Title 11; (2) proceedings arising under Title 11; (3) proceedings arising in a bankruptcy case; and (4) proceedings related to a bankruptcy case. 28 U.S.C. § 1334(b); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004) (citations omitted). A bankruptcy court has the power to hear, decide and enter final orders and judgments in the first three categories of proceedings. 28 U.S.C. § 157(b)(1). However, with respect to the fourth category, "related to" proceedings, the bankruptcy court can hear the matter, but it can only submit proposed findings of fact and conclusions of law for *de novo* review by the district court. 28 U.S.C. § 157(c)(1); *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999); *In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 261 (Bankr. D. Del. 2017).

In the Third Circuit, courts follow a two-step test to determine whether or not a claim is a core proceeding. First, the Court considers whether the claim falls under the "illustrative list" in 28 U.S.C. § 157(b); *Halper*, 164 F.3d at 836. Secondly, a core proceeding is one that either invokes a substantive right provided by the Bankruptcy Code or is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Artesanias Hacienda Real S.A. DE*

3

*C.V. v. N. Mill Capital LLC*, 607 B.R. 189, 197 (E.D. Pa. 2019). 11 U.S.C. § 363(k)[2] provides that an individual injured by a willful violation of the automatic stay imposed by a bankruptcy filing may recover certain damages. Since Count I alleges a violation of the automatic stay, it is a core proceeding in that it invokes a substantive right provided by the Bankruptcy Code. Further, it is the type of claim that could only arise in a bankruptcy proceeding. To the extent the Motion questions the jurisdiction of the Court with respect to Count I, it is denied.

The automatic stay is one of the fundamental protections provided to debtors when they file for bankruptcy. As noted above, a willful violation of the automatic stay provides a cause of action for an award of damages. *In re Aleckna*, 543 B.R. 717, 720 (Bankr. M.D. Pa. 2016).

The Motion also alleges that the Complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)(6) applicable to adversary proceedings. To withstand a Rule 7012(b)(6) motion, a complaint must plead a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1966 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009). In considering the Motion, the alleged facts are viewed in the light most favorable to Ross. In contrast, pled legal conclusions are not assumed to be correct at this stage. *Id.* at 678-79.

The instant Complaint is rather vague as to what action by Kristy allegedly violated the automatic stay. Paragraph 36 of the Complaint states, "[t]o date, Merring [Kristy] has not turnover [sic] over [sic] the expensive king size bedroom set with sentimental value to Debtor [Ross], despite demand." 5-19-ap-00099-RNO, ECF No. 1. Ross has not plausibly pled a claim for a violation of the automatic stay. General assertions of his ownership of items of personal

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

property will not suffice. Further, the Court views the allegation of Kristy's refusal to "turnover" as a legal conclusion for which factual context must be pled in order state a plausible claim.

Developing case law in the Third Circuit calls into question whether or not maintaining passive possession of property which a third party took into possession pre-petition violates the automatic stay. Recently, the Third Circuit considered whether a creditor's retention of a vehicle which it repossessed pre-petition was a violation of the automatic stay. A Third Circuit panel found that passive retention of a vehicle did not qualify as an act to exercise control over property of the estate. The court noted that retention of the subject vehicle maintained the status quo between the subject debtor and his creditors. It therefore affirmed the District Court's denial of the debtor's requested sanctions for an alleged automatic stay violation. *In re Denby-Peterson*, 941 F.3d 115, 126 (3d Cir. 2019). Similarly, the subject Complaint fails to allege sufficient facts to support the pled conclusion that Kristy violated the automatic stay.

The Motion to Dismiss Count I of the Complaint is granted for failure to state a claim upon which relief can be granted. Since this is the original Complaint, the Court is loath to find that allowing for amendment would be futile. Therefore, Ross is granted leave of twenty-one days to file an amended complaint as to Count I only.

**B.    Count II – Fraudulent Inducement**

Count II of the Complaint alleges that Kristy failed to pay Soon Ja $25,000.00 from the proceeds of the sale of Ross and Kristy's former marital residence. Judicial notice is taken that on April 9, 2019, the Court entered an Amended Order approving the Chapter 7 Trustee's sale of the subject real property. 5-17-bk-02119-RNO, ECF No. 251. The Court Order provides for the payment of certain claims; conspicuously absent is any provision for a payment to Soon Ja.

The Complaint does allege that Ross' attorney offered to Kristy's attorney that the sale settlement be conditioned upon the agreement that Kristy pay Soon Ja $25,000.00, from the sale proceeds. It is further alleged that Kristy's attorney accepted the offer on her behalf. 5-19-ap-

5

Case 5:19-ap-00099-RNO    Doc 16    Filed 02/28/20    Entered 02/28/20 13:02:54    Desc
Main Document    Page 5 of 15

00099-RNO, ECF No. 1, ¶¶ 25 & 26. It is alleged that Kristy has not paid the $25,000.00, "despite demand." 5-19-ap-00099-RNO, ECF No. 1, ¶ 47. The Complaint further alleges that Kristy intentionally misrepresented to Soon Ja that $25,000.00 would be repaid from the sale of the former marital residence. 5-19-ap-00099-RNO, ECF No. 1, ¶ 49.

During the January 16, 2020, oral argument regarding the Motion, the Court *sua sponte* raised the question of abstention. Jurisdiction has already been retained for Count I, which alleges a violation of the automatic stay.

The primary bankruptcy jurisdictional statute provides that a court *may* abstain from hearing certain controversies. It further provides that a bankruptcy court *must* abstain from hearing certain controversies. 28 U.S.C. § 1334(c)(1) and (2). Such dispositions are frequently referred to as "permissive abstention" and "mandatory abstention."

Mandatory abstention is required where:

> (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is related to a case under title 11, but does not arise under title 11 and does not arise in a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action is commenced in a state forum of appropriate jurisdiction; and (5) the action can be timely adjudicated in a state forum of appropriate jurisdiction.

*Stoe v. Flaherty*, 436 F.3d 209, 213 (3d Cir. 2006) (internal quotation marks omitted); *In re G-I Holdings, Inc.*, 2017 WL 1788656, at *5 (D.N.J., May 5, 2017). Count II of the Complaint appears to allege either breach of contract or, possibly, common law fraud. In either event, the claim would be based upon Pennsylvania state law.

Count II is not a claim based upon a provision of the Bankruptcy Code. Neither is Count II the type of claim that could only arise within the context of a bankruptcy proceeding. Contrastingly, an action for alleged violation of the automatic stay or an objection to a proof of claim are the types of matters that could only be brought in a bankruptcy proceeding.

There appears to be no independent basis for a federal court to hear Count II. By way of illustration, 28 U.S.C. § 1332(a) provides for federal court jurisdiction where there is complete diversity of citizenship between the opposing parties in the litigation. *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 34 (3d Cir. 2018). No such diversity of citizenship has been pled in this case. Further, Count II is not based upon any federal statute. The Court recognizes that bankruptcy "related to" jurisdiction is quite broad. "Related to" proceedings are matters that could conceivably have an effect upon the bankruptcy estate being administered. *In re Exide Technologies*, 544 F.3d 196, 206 (3d Cir. 2008); *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 381 (3d Cir. 2002). Count II, again, is a state law claim brought by Soon Ja, a non-debtor. I take judicial notice that Soon Ja and a John Roggio filed Proofs of Claim Nos. 11 and 12 in the underlying Chapter 7 case. Arguably, resolution of Count II might affect the allowability of one or both of those claims. In any event, at best, the only basis for federal court jurisdiction would be a claim which is related to Ross' underlying Chapter 7 case. This would be a non-core claim.

The record does not establish that an action based upon Count II has been commenced in a state court forum of appropriate jurisdiction. Since this required element for mandatory abstention has not been satisfied, consideration will now be given to permissive abstention as to Count II.

Twelve factors are considered in determining whether permissive abstention is appropriate.

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy

> matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court, (9) the burden of [the
> court's] docket, (10) the likelihood that the commencement of the
> proceeding in a bankruptcy court involves forum shopping by one
> of the parties, (11) the existence of a right to a jury trial, and (12)
> the presence in the proceeding of non-debtor parties.

*In re Castle Cheese, Inc.*, 541 B.R. 586, 592 (Bankr. W.D. Pa. 2015) (citations omitted); *In re Kessler*, 430 B.R. 155, 165-66 (Bankr. M.D. Pa. 2010) (citations omitted).

The first factor considers the effect, or lack of effect, on the efficient administration of the estate. As noted above, Count II has, at best, a potential tangential effect upon the administration of the estate to the extent it may affect Soon Ja's proofs of claim. It is difficult to see how Soon Ja's recovery from Kristy could reduce her claims against Ross' bankruptcy estate. This factor is neutral concerning permissive abstention.

The second factor asks whether state laws predominate over bankruptcy issues. Again, Count II is either a contract claim, or a common law claim. In either event, the basis for the decision on such claims would be Pennsylvania state law. There is essentially a complete absence of bankruptcy law issues. This factor weighs in favor of permissive abstention.

The next factor is the difficulty or unsettled nature of applicable law. The Court concludes that the Commonwealth of Pennsylvania has established common law concerning breach of contract and common law fraud claims. *TruServ Corp. v. Morgan's Tool & Supply Co., Inc.*, 614 Pa. 549, 566-67, 39 A.3d 253, 263 (2012) (in part, discussing a claim for pre-judgment interest for breach of contract); *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 322 (Pa. Super. 2015) (common law fraud must be proven by clear and convincing evidence). This factor weighs slightly against permissive abstention.

The record does not establish that there is a pending proceeding in state court concerning the claim advanced in Count II of the Complaint. This factor weighs against permissive abstention.

8

The question of any basis for federal jurisdiction over Count II, other than the bankruptcy jurisdictional statute, has already been extensively discussed. There is no other independent basis for federal court jurisdiction. This factor weighs strongly in favor of permissive abstention.

The next factor asks that the Court consider the relatedness or remoteness of the proceeding to the main bankruptcy case. Resolution of Count II, as already discussed, may conceivably have some impact with respect to Soon Ja's claim against the Chapter 7 estate. However, the Court concludes that resolution of the claim, which will be decided solely under state law, has relatively little relatedness to the main bankruptcy case. This factor is neutral with respect to permissive abstention.

The next factor asks whether an asserted core proceeding is, in fact, "core." Here, the Complaint itself states "[c]ount II is not a core proceeding, but is related to a case under title 11 and a core proceeding." 5-19-bk-00099-RNO, ECF No. 1, ¶ 52. It is difficult for the Court to construe the true meaning of paragraph 52 of the Complaint; it appears to be contradictory. At best, paragraph 52 is ambiguous. In any event, legal conclusions are not assumed to be true at this stage of the proceedings. The Court concludes that this is not a core proceeding. This factor weighs in favor of permissive abstention.

The next factor is the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court. Count II is not a proceeding brought by the Chapter 7 Trustee. In fact, it appears that the real party in interest is Soon Ja, a non-debtor who is pursuing a state law claim against another non-debtor, Kristy. Any recovery by Soon Ja will not directly augment the estate. Having already found that there are no core bankruptcy matters relative to Count II, the Court concludes that severance is infeasible. This factor weighs in favor of permissive abstention.

Next, the Court considers the burden on the Court's docket in retaining Count II. This factor is neutral on the question of permissive abstention.

9

The next factor is whether the commencement of Count II in the Bankruptcy Court involves forum shopping by one of the parties. To the extent that Ross is a party plaintiff in the Adversary Proceeding, the Court has some concern that Count II may have been filed in the Bankruptcy Court to obtain some "home court advantage." This factor weighs slightly in favor of permissive abstention.

The next factor is the existence of a right to a jury trial. The Court will assume that there would be no right to a jury trial concerning the claim advanced in Count II. This factor weighs against permissive abstention.

The next factor for permissive abstention asks the Court to consider the presence of non-debtor parties. While Ross is included in the wherefore clause to Count II of the Complaint, the Court finds that the claim is really an action by Soon Ja, a non-debtor, against Kristy, a non-debtor. This factor weighs strongly in favor of permissive abstention.

The twelve permission abstention factors should be applied flexibly because their relevance and significance will vary depending upon the circumstance of each case. Thus, no one factor is necessarily determinative. *Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). In exercising its discretion to permissively abstain, a court should be guided by what will best assure an economical and expeditious administration of the debtor's estate. *In re Yobe*, 75 B.R. 873, 876 (Bankr. W.D. Pa. 1987) (citations omitted). It has been held that consideration of the permissive abstention factors should not be a mere counting exercise. Factors such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core have been held to be more substantial factors. *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 600 (Bankr. D. Del. 2009) (citations omitted).

Giving due consideration and appropriate weight to each of the permissive abstention factors, the Court concludes that it is appropriate to permissively abstain from hearing Count II

10

of the Complaint. The judgment will include that the Court permissively abstains from hearing Count II of the Complaint.

### C. Count III – Misappropriation

Count III of the Complaint is markedly similar to Count II. Essentially, it alleges that Kristy wrongfully appropriated the $25,000.00 allegedly provided by Soon Ja. Count III also contains the following paragraph, which was also included in Count II, and is self-contradicting. Namely, "[c]ount III is not a core proceeding, but is related to a case under title 11 and a core proceeding." 5-19-ap-00099-RNO, ECF No. 1, ¶ 56.

A weighted application of the twelve factors for permissive abstention leads the Court to conclude that it should permissively abstain from hearing Count III of the Complaint. Some of the factors considered include: (1) the claim may possibly have only a tangential effect on the administration of the underlying Chapter 7 case; (2) state law issues clearly predominate over bankruptcy issues; (3) this is a non-core proceeding in that it is not a claim based upon a provision of the Bankruptcy Code nor is it the type of claim that only could arise within a bankruptcy case; (4) there is no independent basis for federal jurisdiction, other than 28 U.S.C. § 1334, the bankruptcy jurisdictional statute; (5) it is not feasible to sever the state law claims from core bankruptcy matters because Count III only implicates state law; (6) the filing of the Count III claim in Bankruptcy Court suggests forum shopping by Ross; (7) the Co-Plaintiff, Soon Ja, is a non-debtor, and the Defendant, Kristy, is a non-debtor.

The judgment will include that the Court will permissively abstain from hearing Count III of the Complaint.

### D. Count IV – Conversion

Count IV alleges that Kristy removed some of Ross' non-marital property from the marital residence and has converted the non-marital property to her own use. It is alleged that the non-marital property has a value of $15,000.00. 5-19-ap-00099-RNO, ECF No. 1, ¶¶ 59-60.

11

Count IV includes, "[c]ount IV is not a core proceeding, but is related to a case under title 11 and a core proceeding." 5-19-ap-00099-RNO, ECF No. 1, ¶ 62. The discussion of Count III included a summary review of permissive abstention factors which were considered and weighed in reviewing that Count. Each of those seven factors also weigh in favor of permissive abstention with respect to Count IV.

Another factor which a court may consider concerning permissive abstention is the presence of a related proceeding commenced in state court or other non-bankruptcy court. *In re Castle Cheese, Inc.*, 541 B.R. at 592. The State Court Proceedings between Ross and Kristy are still pending in the Court of Common Pleas of Monroe County. The Complaint describes the State Court Proceedings as "domestic litigation." 5-19-ap-00099-RNO, ECF No. 1, ¶ 8.

Count IV raises issues of Pennsylvania state law. First, whether the action complained of constituted the tort of conversion. *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.*, 777 A.2d 1090, 1095 (Pa. Super. 2001). Count IV also raises an issue as to the definition of non-marital property between Ross and Kristy.

In Pennsylvania, marital property generally includes property acquired by either party during the marriage; it does not include property acquired after separation. 23 Pa. C.S.A. § 3501(a); *Diamond v. Diamond*, 519 A.2d 1012, 1014 (Pa. Super. 1987). It is not uncommon for state courts, in divorce actions, to determine whether or not an asset is marital property. *Drake v. Drake*, 725 A.2d 717, 722-23 (Pa. 1999); *Yuhas v. Yuhas*, 79 A.3d 700, 706 (Pa. Super. 2013).

A bankruptcy court is not a family law court. Also, it is important to maintain comity between federal and state courts.

The Fourth Circuit has written that equitable distribution disputes are a "category of cases in which state courts have special expertise and for which federal courts owe significant deference." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citations omitted); *also see In re Lemoine*, 2012 WL 5906939, at *3 (Bankr. E.D. Pa., Nov. 26, 2012). When considering

permissive abstention, the court noted, "[f]amily law in particular is a domain from which federal courts will often abstain."

The existence of the State Court Proceedings is an additional factor which strongly weighs in favor of permissive abstention. The judgment will include that the Court will abstain from hearing Count IV of the Complaint.

### E. Count V – Injunctive Relief

Count V requests injunctive relief seeking to enjoin Kristy "from further dissipating the proceeds of the Marital Residence and Debtor's [Ross'] non-marital property." 5-19-ap-00099-RNO, ECF No. 1, ¶ 65. Consideration of the same factors which were considered in reviewing Counts III and IV apply with equal force to Count V of the Complaint.

The Complaint characterizes Count V as a core proceeding. 5-19-ap-00099-RNO, ECF No. 1, ¶ 72. However, injunctive relief is sought in many judicial forums, federal and state. As with all of the other counts, save Count I, the issues raised by Count V would all be considered by the application of state law. The effect of the contemplated action on the underlying Chapter 7 administration will be minimal. The State Court Proceedings provide a readily available forum for Ross to seek injunctive relief.

The judgment will include that the Court will permissively abstain from hearing Count V of the Complaint.

### F. Soon Ja as a Party Plaintiff

The Court has retained jurisdiction over only Count I which alleges a violation of the automatic stay. The Motion alleges that Soon Ja is not a proper party plaintiff.

The automatic stay is a hallmark of bankruptcy protection. The stay is also, essentially, personal to the debtor. The automatic stay cannot be invoked by sureties, co-obligors, or others with a similar nexus to the debtor. *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997); *Maritime Elect. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.

13

1991); *In re Popple*, 532 B.R. 581, 587 (Bankr. M.D. Pa. 2015); *In re Uni-Marts, LLC*, 399 B.R. 400, 415-16 (Bankr. D. Del. 2009) (the automatic stay may be extended to non-debtor third parties only if "unusual circumstances" are present). The Complaint has not pled any unusual circumstances in this case which would justify extending the automatic stay to Soon Ja. Further, the only type of bankruptcy filing which confers a co-debtor automatic stay is a case under Chapter 13. 11 U.S.C. § 1301; *In re Gronczewski*, 444 B.R. 526, 530 (Bankr. E.D. Pa. 2011). Ross' bankruptcy case was converted to a case under Chapter 7 on December 10, 2018.

Federal Rule of Civil Procedure 21 is made applicable to bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7021. The Rule provides, in part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Whether or not a party, like Soon Ja, may be dropped depends upon whether or not she is "indispensable" to the action. Further, a court should consider whether dropping a party would be prejudicial to the remaining parties in the action. *Aetna Life Insurance Company v. Foundation Surgery Affiliates, LLC*, 358 F. Supp. 3d 426, 437 (E.D. Pa. 2018).

An indispensable or necessary party is one who, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Bankr. P. 7019(a)(1)(A). A court has discretion to choose between severance of a party or dismissal to remedy misjoinder. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006); *Russell v. Chesapeake Appalachia, L.L.C.*, 205 F.R.D. 78, 81 (M.D. Pa. 2015) ("[t]he Court enjoys broad discretion in deciding Rule 21 motions and may take into consideration 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'"). Misjoinder is present when one of the plaintiffs does not seek any relief against the defendant and is without any real interest in the controversy. *Evonik Degussa GmbH v. Materia, Inc.*, 2013 WL 5488519, at *2 (D. Del., Sept. 30, 2013) (court dropped two third-party plaintiffs).

The Court has already found that no automatic stay prohibits actions against Soon Ja or her property. A corollary of this proposition is that she cannot advance a claim under § 362(k) for an alleged violation of the automatic stay. *In re Siskin*, 231 B.R. 514, 519 (Bankr. E.D.N.Y. 1999) (wife of Chapter 7 debtor lacked standing to bring claim for alleged violation of the automatic stay).

Count I fails to show that Soon Ja holds a claim against Kristy for an alleged stay violation. The judgment will include that Soon Ja is dropped as a party plaintiff in this Adversary Proceeding. *In re Palmiter*, 291 B.R. 208, 217 (Bankr. M.D. Pa. 2018).

No leave to amend concerning Soon Ja's non-party status is granted. Because of the clear absence of any automatic stay as to Soon Ja, any amendment would be futile. *Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997); *In re Sobol*, 545 B.R. 477, 491 (Bankr. M.D. Pa. 2016); *In re Vertis Holdings, Inc.* 536 B.R. 589, 608 (Bankr. D. Del. 2015).

## IV. Conclusion

The Motion will be granted for failure to state a claim upon which relief can be granted as to Count I, and Ross will be allowed leave of twenty-one days to file an amended, conforming complaint. The Court will permissively abstain from hearing Counts II through V, inclusive, of the Complaint. No leave to amend will be granted with respect to Counts II through V. The judgment will drop Soon Ja as a party plaintiff. No leave to amend will be granted in this regard.

Dated: February 28, 2020   By the Court,

Robert N. Opel, II, Bankruptcy Judge (BI)